UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF KEVIN MATTHEWS, deceased,
by KIM MATTHEWS, Personal Representative,

      Plaintiff,

vs.

Case No.   2016-
Judge:

CITY OF DEARBORN and
CITY OF DEARBORN POLICE OFFICER
AND SHOOTER, JOHN DOE,

      Defendants.

_____

MILTON H. GREENMAN (P34621)
ERIK L. PROULX (P74663)
Attorneys for Plaintiff
THE THURSWELL LAW FIRM, P.L.L.C.
1000 Town Center Suite 500
Southfield, MI 48075-1221
Phone:  (248) 354-2222

_____

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

There is no other pending or resolved civil
action arising out of the same transaction or
occurrence as alleged in this Complaint

NOW COMES Plaintiff, ESTATE OF KEVIN MATTHEWS, deceased,

by KIM MATTHEWS, Personal Representative, by and through its attorneys,

THE THURSWELL LAW FIRM, P.L.L.C., and for its Complaint and Demand

for Trial by Jury, and complaining against the above named Defendants, states

as follows:

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

1. That Plaintiff is the Estate of Kevin Matthews, deceased, by Kim Matthews, its Personal Representative.

2. That Plaintiff's decedent Kevin Matthews' date of birth is December 10, 1980.

3. That Plaintiff's decedent Kevin Matthews' date of death at the age of 35 years was December 23, 2015.

4. That Plaintiff's decedent, Kevin Matthews, was an African-American male.

5. That Plaintiff, the Estate of Kevin Matthews, deceased, as represented by Kim Matthews, Personal Representative, represents the family unit of Kevin Matthews, including his mother, siblings and daughter; all to be identified subsequently as this matter proceeds.

6. That Plaintiff pleads claims against the Defendants for unconstitutional acts, actions, policies and procedures in the wrongful and egregious shooting death of Kevin Matthews at approximately 12:30 p.m., in the City of Detroit on Wednesday, December 23, 2015.

7. That Defendant City of Dearborn is a municipal corporation authorized and existing pursuant to the laws in the State of Michigan and operates as part of its city function a police department identified as the City of Dearborn Police Department within the County of Wayne, State of Michigan.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

8.      That at all times material hereto, Defendant City of Dearborn acts under Color of Law and State Law, which includes operating a police force and employing police officers, including Defendant City of Dearborn Police Officer and Shooter John Doe, whose police actions and activities on December 23, 2015, constitute actions and activities under "Color of State Law."

9.      Plaintiff identifies Defendant Dearborn Police Officer and Shooter John Doe as the SHOOTER of Plaintiff's decedent, Kevin Matthews, who on the early afternoon of December 23, 2015, according to the government issued autopsy report of Plaintiff's decedent, Kevin Matthews, shot Kevin Matthews nine times in the abdomen and chest, which Plaintiff alleges constitutes the unlawful, unconscionable, and egregious "seizure" of Plaintiff's decedent, Kevin Matthews, in violation of established law.

10.     That upon discovery being initiated in this matter, and the Defendant City of Dearborn being forced to disclose the identity of its police officer which Plaintiff identifies in this matter as Defendant City of Dearborn Police Officer and Shooter John Doe, Plaintiff will amend the caption and identify the shooter of Plaintiff's decedent, Kevin Matthews, under these circumstances.   To date, the Defendant City of Dearborn refuses to do so voluntarily.

11.     That Defendant City of Dearborn Police Officer and Shooter John Doe had duties and responsibilities to act at all times material herein as a

reasonably prudent police officer and not exceed the authority vested to him by operation of law so as to not violate the Constitutional Rights of citizens he would come into contact with, including Plaintiff's decedent, Kevin Matthews.

## JURISDICTION OF THE COURT

12.   That Plaintiff brings claims of Constitutional violation against Defendant City of Dearborn and Defendant City of Dearborn Police Officer and Shooter John Doe pursuant to 28 USC 1331 and 1343, 42 USC 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution arising out of the unarmed shooting death of Kevin Matthews by Defendant City of Dearborn Police Officer and Shooter John Doe with a total of nine shots fired into the body of Kevin Matthews, causing his death at approximately 12:30 p.m. in the City of Detroit on December 23, 2015.

13.   That Defendants' unconstitutional acts causing the death of Plaintiff's decedent, Kevin Matthews, occurred in the County of Wayne, State of Michigan, which is located within the jurisdiction of the Court for venue purposes.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## COUNT I
## FACTUAL CIRCUMSTANCES OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT DEARBORN CITY OF DEARBORN POLICE OFFICER AND SHOOTER JOHN DOE

14.     That at approximately 12:15 p.m. on Wednesday, December 23, 2015, Plaintiff's decedent, Kevin Matthews, was a pedestrian in the City of Dearborn near its jurisdictional boundary with the City of Detroit at or near the intersection of Tireman and Greenfield Roads.

15.     That at approximately 12:15 p.m., on Wednesday, December 23, 2015, the Defendant City of Dearborn Police Officer and Shooter John Doe was an employee of the City of Dearborn as a member of the City of Dearborn Police Department and was actively on duty for the Defendant City of Dearborn and its Police Department.

16.     That while Plaintiff's decedent, Kevin Matthews, was a pedestrian, as identified above, Defendant City of Dearborn Police Officer and Shooter John Doe recognized Plaintiff's decedent, Kevin Matthews, and thereafter began a foot pursuit of Plaintiff's decedent, Kevin Matthews.

17.     That upon information and belief, the reason Defendant City of Dearborn Police Officer and Shooter John Doe began to pursue on foot Plaintiff's decedent, Kevin Matthews, was as a result of, at most, a prior misdemeanor offense  Plaintiff's decedent, Kevin Matthews, was believed to have committed.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

18.     That upon information and belief, the reason Defendant City of Dearborn Police Officer and Shooter John Doe began the pursuit on foot of Plaintiff's decedent, Kevin Matthews, was, in the alternative, a result of, at most, a probation violation for an earlier misdemeanor offense.

19.     That upon information and belief, the Defendant City of Dearborn Police Officer and Shooter John Doe had prior police actions and contact with Plaintiff's decedent, Kevin Matthews, such that Defendant City of Dearborn Police Officer and Shooter John Doe recognized Plaintiff's decedent, Kevin Matthews, by sight.

20.     That upon information and belief, Defendant City of Dearborn Police Officer and Shooter John Doe knew that Plaintiff's decedent, Kevin Matthews, had a permanent address on Sussex in the City of Detroit, just across the City of Dearborn border, where Plaintiff's decedent, Kevin Matthews, resided with his mother, Valerie Johnson.

21.     That the address of 8287 Sussex, Detroit, Michigan, the permanent address of Plaintiff's decedent, Kevin Matthews, with his mother, Valerie Johnson, was only approximately three blocks from where Defendant City of Dearborn Police Officer and Shooter John Doe was chasing Plaintiff's decedent, Kevin Matthews, in the aforementioned foot pursuit.

22.     That for all relevant times hereto, the Defendant City of Dearborn was aware of the residential home address of Kevin Matthews in the City of

Detroit, as the City of Dearborn had previously sent mail to the address of Kevin Matthews, which was his mother's address of 8287 Sussex in the City of Detroit.

23.    That the foot pursuit of the Plaintiff's decedent, Kevin Matthews, by Defendant City of Dearborn Police Officer and Shooter John Doe resulted in Defendant City of Dearborn Police Officer and Shooter John Doe leaving the jurisdictional boundaries of the City of Dearborn as that foot pursuit continued into the City of Detroit.

24.    That the foot pursuit of Plaintiff's decedent, Kevin Matthews, by Defendant City of Dearborn Police Officer and Shooter John Doe of the Defendant City of Dearborn eventually entered the driveway of the address of 8080 Whitcomb, City of Detroit.

25.    That the foot pursuit of Plaintiff's decedent, Kevin Matthews, by Defendant City of Dearborn Police Officer and Shooter John Doe of the Defendant City of Dearborn and its Police Department then entered the backyard of the 8080 Whitcomb, Detroit, address.

26.    That at the time Plaintiff's decedent, Kevin Matthews, entered the backyard of the 8080 Whitcomb, Detroit, address, the backyard represented to be a fenced-in backyard. (See photographs attached as **Exhibit A**).

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

27.    That upon Plaintiff's decedent, Kevin Matthews, entering the backyard of the 8080 Whitcomb address, he was followed by the Defendant City of Dearborn Police Officer and Shooter John Doe.

28.    That when Defendant City of Dearborn Police Officer and Shooter John Doe was chasing by foot pursuit Plaintiff's decedent, Kevin Matthews, upon information and belief, it was Defendant City of Dearborn Police Officer and Shooter John Doe's intent to arrest Kevin Matthews for the aforesaid alleged misdemeanor activity of Plaintiff's decedent, Kevin Matthews.

29.    That the Defendant City of Dearborn's governmental interest in having one of its employees, Defendant City of Dearborn Police Officer and Shooter John Doe, pursue on foot a perceived misdemeanor violator, such as Plaintiff's decedent, Kevin Matthews, but in the process use extreme, excessive, and egregious force by killing him with nine gunshots to the abdomen and torso of Plaintiff's decedent, Kevin Matthews, was marginal at best.

30.    That when Defendant City of Dearborn Police Officer and Shooter John Doe was involved in the foot pursuit of Plaintiff's decedent, Kevin Matthews, and ultimately shot and killed Plaintiff's decedent, Kevin Matthews, Defendant City of Dearborn Police Officer and Shooter John Doe was acting under "Color of Law".

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

31.     That when the Defendant City of Dearborn Police Officer and Shooter John Doe shot and killed Plaintiff's decedent, Kevin Matthews, as described in this Complaint, the Defendant City of Dearborn Police Officer and Shooter John Doe was acting as a City of Dearborn Police Officer, and therefore was acting under the "Color of Law" as a governmental employee.

32.     That Plaintiff alleges that at no time during this foot pursuit by Defendant City of Dearborn Police Officer and Shooter John Doe of Plaintiff's decedent, Kevin Matthews, did Plaintiff's decedent, Kevin Matthews, have a weapon in or on his possession.

33.     That Plaintiff alleges that as a result of Defendant City of Dearborn Police Officer and Shooter John Doe having had contact as a police officer with Plaintiff's decedent, Kevin Matthews, at a prior time or times, Plaintiff alleges Defendant City of Dearborn Police Officer and Shooter John Doe knew Plaintiff's decedent, Kevin Matthews, was not an individual with violent tendencies and had no prior history of violent background.

34.     That Plaintiff alleges that as a result of Defendant City of Dearborn Police Officer and Shooter John Doe having had contact as a police officer with Plaintiff's decedent, Kevin Matthews, at a prior time or times, Plaintiff alleges Defendant City of Dearborn Police Officer and Shooter John Doe was aware that Plaintiff's decedent, Kevin Matthews, had mental health issues.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

35.     That <u>at no time</u> during the aforesaid foot pursuit by Defendant City of Dearborn Police Officer and Shooter John Doe of Plaintiff's decedent, Kevin Matthews, did Plaintiff's decedent, Kevin Matthews, have a knife in his possession or on his body.

36.     That <u>at no time</u> during the foot pursuit by Defendant City of Dearborn Police Officer and Shooter John Doe of Plaintiff's decedent, Kevin Matthews, did Plaintiff's decedent, Kevin Matthews, have a gun in his possession or on his body.

37.     That <u>at no time</u> during this foot pursuit by Defendant City of Dearborn Police Officer and Shooter John Doe of Plaintiff's decedent, Kevin Matthews, did Plaintiff's decedent, Kevin Matthews, have any weapon in his possession or on his body.

38.     That as a result of the foot pursuit of Plaintiff's decedent, Kevin Matthews, by the Defendant City of Dearborn Police Officer and Shooter John Doe, and both entering the backyard of 8080 Whitcomb, the Defendant City of Dearborn Police Officer and Shooter John Doe had, in essence, "boxed in" Plaintiff's decedent, Kevin Matthews.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

39.     That during the foot pursuit of Plaintiff's decedent, Kevin Matthews, by the Defendant City of Dearborn Police Officer and Shooter John Doe, Defendant City of Dearborn Police Officer and Shooter John Doe pursued Plaintiff's decedent, Kevin Matthews, with his departmental issued handgun in his hand.

40.     That Defendant City of Dearborn Police Officer and Shooter John Doe, upon having Plaintiff's decedent, Kevin Matthews, boxed in the backyard of 8080 Whitcomb, then physically began placing his hands upon Plaintiff's decedent, Kevin Matthews, so to physically arrest him, but at the same time, Defendant City of Dearborn Police Officer and Shooter John Doe had his departmental issued handgun in his hand while undertaking physical arrest of Plaintiff's decedent, Kevin Matthews.

41.     That in order to affect the arrest of Plaintiff's decedent, Kevin Matthews, Defendant City of Dearborn Police Officer and Shooter John Doe reverted to the use of excessive force and shot his departmental issued handgun from the Defendant City of Dearborn a total of nine times into the chest and torso of Plaintiff's decedent, Kevin Matthews, and in essence, executing Plaintiff's decedent, Kevin Matthews, as a result of his failing to stop during the aforesaid foot pursuit.

42.     That the evidence will establish that any one of the nine shots fired by the Defendant City of Dearborn Police Officer and Shooter John Doe in the

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

area penetrating the right chest or torso of Plaintiff's decedent, Kevin Matthews, was an incapacitating gunshot. Notwithstanding, Defendant City of Dearborn Police Officer and Shooter John Doe, with intent to cause great bodily harm in excess of force necessary to accomplish the arrest of an alleged misdemeanor violator such as Plaintiff's decedent, Kevin Matthews, thereafter assured the death of Plaintiff's decedent, Kevin Matthews, by shooting him eight additional times in an excessive, egregious, and objectively unreasonable manner.

43.     That Plaintiff asserts that as of December 1, 2015, it was known in the existing law that the Fourth Amendment precluded the use of excessive force by the government upon an individual or a civilian, so to accomplish an arrest for a misdemeanor violation, as the same would constitute an unlawful seizure.

44.     That upon information and belief, between the time the foot chase started by Defendant City of Dearborn Police Officer and Shooter John Doe of Plaintiff's decedent, Kevin Matthews, until the Defendant City of Dearborn Police Officer and Shooter John Doe shot and killed Plaintiff's decedent, Kevin Matthews, no more than three to four minutes passed.

45.     That the Defendant City of Dearborn Police Officer and Shooter John Doe shot and killed Plaintiff's decedent, Kevin Matthews, with his City of Dearborn departmental-issued handgun.

46.    That the Defendant City of Dearborn Police Officer and Shooter John Doe shot and killed Plaintiff's decedent, Kevin Matthews, with his City of Dearborn departmental-issued handgun in the City of Detroit.

47.    That after shooting nine bullets into the body of Plaintiff's decedent, Kevin Matthews, and causing his death, Defendant City of Dearborn Police Officer and Shooter John Doe reported "shots fired", and instead of providing aid and assistance to Plaintiff's decedent, Kevin Matthews, simply left Plaintiff's decedent, Kevin Matthews, to die in the backyard of the 8080 Whitcomb, Detroit, Michigan, address.

48.    That after shooting and killing Plaintiff's decedent, Kevin Matthews, in an immediate time thereafter, according to witness information, two unknown Defendant City of Dearborn police employees drove to the scene of 8080 Whitcomb and removed Defendant Dearborn  City of Dearborn Police Officer and Shooter John Doe from the porch of 8080 Whitcomb and drove him away.

49.    That it was not until at least three hours after 12:30 p.m. on December 23, 2015, that Plaintiff's decedent, Kevin Matthews, was formally pronounced deceased by a coroner or medical examiner from Wayne County at 3:50 p.m.  (See attached **Exhibit B**).

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

50.     That attached as **Exhibit B** is the government issued Death Certificate of Plaintiff's decedent, Kevin Matthews.    The cause of death is listed as "homicide".

51.     That at the time of the shooting death of Plaintiff's decedent, Kevin Matthews, Kevin Matthews had a height of between 5'8" to 5'9".

52.     That the official autopsy report attached hereto as **Exhibit C** incorrectly identifies that Kevin Matthews, at autopsy, was 5'5" tall.  Plaintiff alleges that the government-authorized autopsy has incorrectly noted the height of Plaintiff's decedent, Kevin Matthews, and otherwise has confused it with some other decedent at the medical examiner's office at the time.

53.     That at the time of the shooting death of Plaintiff's decedent, Kevin Matthews, Kevin Matthews had a weight of approximately 145-150 pounds.

54.     That the autopsy report attached hereto as **Exhibit C** incorrectly identifies that Kevin Matthews, at autopsy, weighed 188 pounds.    Plaintiff alleges that the government-authorized autopsy has incorrectly noted the weight of Plaintiff's decedent, Kevin Matthews, and has otherwise confused it with some other decedent at the medical examiner's office at the time.

55.     That Plaintiff pleads that Defendant City of Dearborn Police Officer and Shooter John Doe's shooting nine times and killing of Plaintiff's decedent, Kevin Matthews, constitutes excessive force and the unlawful seizure of Plaintiff's decedent, Kevin Matthews, in violation of the Fourth Amendment

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

of the United States Constitution of Plaintiff's decedent, Kevin Matthews.

56.     That the Defendant City of Dearborn, as a government agency, operates its government by way of an elected mayor and did so in December 2015.

57.     That the Defendant City of Dearborn's mayor in December 2015 was Jack O'Reilly.

58.     That the Defendant City of Dearborn's mayor, Jack O'Reilly, when making public statements regarding business of the City of Dearborn, acts as an agent of Defendant City of Dearborn.

59.     That the Defendant City of Dearborn's mayor, Jack O'Reilly, when making public statements regarding business of the City of Dearborn, acts as an employee of Defendant City of Dearborn.

60.     That the Defendant City of Dearborn's mayor, Jack O'Reilly, when making public statements regarding business of the City of Dearborn, acts as a servant of Defendant City of Dearborn.

61.     That the Defendant City of Dearborn's mayor, Jack O'Reilly, when making public statements regarding business of the City of Dearborn, acts as an ostensible agent of Defendant City of Dearborn.

62.     That in May 2016, the Defendant City of Dearborn mayor, Jack O'Reilly, told various press personnel from the Detroit Free Press that Defendant City of Dearborn Police Officer and Shooter John Doe had a

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

"positive relationship" with Plaintiff's decedent, Kevin Matthews. (See attached **Exhibit D**).

63.     That in *Deorle vs. Rutherford*, 272 F. 3d 1272 (9th Cir 2001), it is noted that a detainee's mental illness must be reflected in any assessment of the government's interest in use of force:

> "The problems posed by, and thus the tactics to be employed against, an unarmed, emotionally distraught individual who is creating a disturbance or resisting arrest are ordinarily different from those involved in law enforcement efforts to subdue an armed and dangerous criminal who has recently committed a serious offense.   In the former instance, increasing the use of force may, in some circumstances at least, exacerbate the situation; in the latter, a heightened use of less-than-lethal force will usually be helpful in bringing a dangerous situation to a swift end.   In the case of mentally unbalanced persons, the use of officers and others trained in the art of counseling is ordinarily advisable, where feasible, and may provide the best means of ending a crisis." *Deorle*, 272 F 3rd 1282, 1283 (9th Cir. 2001).

64.     That Plaintiff alleges or pleads that the force used by the Defendant City of Dearborn Police Officer and Shooter John Doe was greater than reasonable, and objectively unreasonable under the circumstances.

65.     That the Defendants' stake in arresting, at most a misdemeanor violator or probation violator, such as Plaintiff's decedent, Kevin Matthews, by the manner undertaken by the Defendant City of Dearborn Police Officer and Shooter John Doe was minimal or marginal, at best. *Deorle vs. Rutherford*, *supra*.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

66.     That Plaintiff alleges there are no objective factors or evidence to justify the shooting death of Plaintiff's decedent, Kevin Matthews, and that Defendant City of Dearborn Police Officer and Shooter John Doe's simple statement that he feared for his own safety is insufficient and not objectively reasonable to permit the excessive and egregious seizure and killing of Plaintiff's decedent, Kevin Matthews, under these circumstances.

67.     That at the time when Defendant City of Dearborn Police Officer and Shooter John Doe had "boxed in" Plaintiff's decedent, Kevin Matthews, in the backyard of 8080 Whitcomb, no other individuals were within any reasonable proximity to Plaintiff's decedent, Kevin Matthews, or the Defendant City of Dearborn Police Officer and Shooter John Doe, and therefore, any claim by the Defendants that Defendant City of Dearborn Police Officer and Shooter John Doe shot Plaintiff's decedent, Kevin Matthews, nine times with his departmental issued handgun, was due to the safety concerns of others in the area is unwarranted. *Deorle vs. Rutherford*, 272 F 3rd 1272 (2001).

68.     That after shooting Plaintiff's decedent, Kevin Matthews, a total of nine times, the Defendant City of Dearborn Police Officer and Shooter John Doe, in a further egregious and outrageous manner that "shocks the conscience," then arbitrarily, and without conscience, abandoned Plaintiff's decedent, Kevin Matthews, as he lay dying without providing medical care and treatment to Plaintiff's decedent, Kevin Matthews, or even summoning medical

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

care and treatment to Plaintiff's decedent, Kevin Matthews, for the purpose to be certain that Plaintiff's decedent, Kevin Matthews, would die and therefore be no witness to the events of his wrongful shooting of Plaintiff's decedent, Kevin Matthews.

69.    That Plaintiff alleges that Defendant City of Dearborn Police Officer and Shooter John Doe's actions and activities after the shooting of Plaintiff's decedent, Kevin Matthews, violates the United States Constitution's Fourteenth Amendment due process clause as arbitrary and capricious conduct in the circumstances of said Defendant's involvement with Plaintiff's decedent, Kevin Matthews, a civilian with mental disability issues, and as such, Plaintiff asserts that said Defendant's actions constitute egregious   and arbitrary government and official conduct, in violation of the Fourteenth Amendment of the United States Constitution that "shocks the conscience" and directly and proximately deprived Plaintiff's decedent, Kevin Matthews, of his Constitutional rights of life and liberty. *Rochin vs.  California*, 342 US 165 (1952).

70.    That at no time prior to the Defendant City of Dearborn Police Officer and Shooter John Doe shooting Plaintiff's decedent, Kevin Matthews, did Kevin Matthews affirmatively strike with his hand, open hand or closed hand, the Defendant City of Dearborn Police Officer and Shooter John Doe.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

71.     That <u>at no time</u> prior to the Defendant City of Dearborn Police Officer and Shooter John Doe shooting Plaintiff's decedent, Kevin Matthews, did Kevin Matthews affirmatively kick  the Defendant City of Dearborn Police Officer and Shooter John Doe.

72.     That <u>at no time</u> prior to the Defendant City of Dearborn Police Officer and Shooter John Doe shooting Plaintiff's decedent, Kevin Matthews, did Kevin Matthews ever brandish any knife threatening the safety or security of Defendant City of Dearborn Police Officer and Shooter John Doe during the events described in this Complaint.

73.     That <u>at no time</u> prior to the Defendant City of Dearborn Police Officer and Shooter John Doe shooting Plaintiff's decedent, Kevin Matthews, did Kevin Matthews ever brandish any rifle  threatening the safety or security of Defendant City of Dearborn Police Officer and Shooter John Doe during the events described in this Complaint.

74.     That <u>at no time</u> prior to the Defendant City of Dearborn Police Officer and Shooter John Doe shooting Plaintiff's decedent, Kevin Matthews, did Kevin Matthews ever brandish any handgun threatening the safety or security of Defendant City of Dearborn Police Officer and Shooter John Doe during the events described in this Complaint.

75.     That "force", even if less than deadly force, is not to be deployed lightly. *Drummond vs. Anaheim,* 343 F 3rd 1052, at 1057 (2003).

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

76.     That the Defendant City of Dearborn Police Officer and Shooter John Doe's shooting of Kevin Matthews nine times in the chest and torso constitutes objectively unreasonable and excessive force, and willful and wanton and unconscionable conduct under the circumstances, which proximately caused the violation of the Constitutional Rights of Plaintiff's decedent, Kevin Matthews, to be free from unreasonable seizure under the Fourth Amendment of the United States Constitution.

77.     That prior to affecting the arrest of Plaintiff's decedent, Kevin Matthews,  Defendant City of Dearborn Police Officer and Shooter  John Doe was required to consider what force was necessary to affect the arrest of Plaintiff's decedent, Kevin Matthews, and Defendant City of Dearborn Police Officer and Shooter  John Doe had no information or basis of information to believe that Plaintiff's decedent, Kevin Matthews, was a violent criminal or had violent tendencies. *Deorle vs. Rutherford*, 272 F 3rd 1272 (9th Cir 2001).

78.     That two,  perhaps three,  of the gunshots fired by the Defendant City of Dearborn Police Officer and Shooter John Doe upon Plaintiff's decedent, Kevin Matthews, were at such close range to the right chest of Plaintiff's decedent, Kevin Matthews, that stippling is detected on the autopsy report, referenced in **Exhibit C** attached to this Complaint, which identifies that the gun barrel of Defendant City of Dearborn Police Officer and Shooter John Doe was resting upon or in the immediate proximity of the right chest of the

Plaintiff's decedent, Kevin Matthews, such that burn evidence exists on the body of Plaintiff's decedent, Kevin Matthews.

79. That at the time Plaintiff's decedent, Kevin Matthews was shot and killed, he was unarmed.

80. That the Defendant City of Dearborn Police Officer and Shooter John Doe is right-handed and shot and killed Plaintiff's decedent, Kevin Matthews, with his departmental issued handgun from the Defendant City of Dearborn with that gun in his right hand.

81. That in the alternative to paragraph 80 above, Defendant City of Dearborn Police Officer and Shooter John Doe is left-handed and shot and killed Plaintiff's decedent, Kevin Matthews, with his departmental issued handgun from the Defendant City of Dearborn with that gun in his left hand.

82. That as a direct and proximate cause of the Defendant City of Dearborn Police Officer and Shooter John Doe's unconscionable and egregious conduct and actions as described in Count I of Plaintiff's Complaint, the Constitutional Rights of Plaintiff's decedent, Kevin Matthews, were violated, including his life and liberty for which Plaintiff claims damages against Defendant City of Dearborn Police Officer and Shooter John Doe.

## **RELIEF REQUESTED**

83. That Plaintiff seeks judgment in its favor in excess of $10 million from the Defendant City of Dearborn Police Officer and Shooter John Doe,

exclusive of punitive damages against Defendant City of Dearborn Police Officer and Shooter John Doe, all to be addressed by jury determination at Trial.

84.    That Defendant City of Dearborn Police Officer and Shooter John Doe, as an individual, is liable for punitive damages to Plaintiff for his egregious, willful, and wanton unconscionable acts and actions taken against Plaintiffs' decedent, Kevin Matthews, arising out of his shooting and killing of Plaintiff's decedent, Kevin Matthews, who was unarmed, and thereafter abandoned Plaintiff's decedent, Kevin Matthews, to be assured he would die under these unconscionable circumstances.

WHEREFORE, Plaintiff demands judgment by jury determination against Defendant City of Dearborn Police Officer and Shooter John Doe in whatever amount Plaintiff is found to be entitled, together with costs, interest and attorneys fees wrongfully sustained, and further, Plaintiff demands punitive damages be assessed against the Defendant City of Dearborn Police Officer and Shooter John Doe under these circumstances.

## COUNT II
## PLAINTIFF'S CLAIMS AGAINST DEFENDANT CITY OF DEARBORN FOR MONNELL VIOLATIONS

1-84 Plaintiff, the Estate of Kevin Matthews, deceased, realleges paragraphs 1 through 84 as if stated herein more specifically paragraph for paragraph.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

85.     That by Summer 2015, through the course of two to three years prior, Plaintiff alleges that a rash of unlawful police shootings and killings throughout the United States became well publicized, many of which eventually revealed police officers engaging civilians with mental health issues for which the officers of the local jurisdictions were ill-prepared to deal with and address in the course of their professional duties and activities as a reasonable police officer under the circumstances.

86.     That Plaintiff alleges that by certainly the Summer of 2015 into the Fall of 2015, the Defendant City of Dearborn had duties and obligations to assure that its police force, including the Defendant City of Dearborn Police Officer and Shooter John Doe had received training and education in addressing, communicating, and dealing with members of the public at large, in and around the City of Dearborn jurisdiction, and with those individuals with mental health issues.  Plaintiff alleges the Defendant City of Dearborn failed, prior to the shooting death of Kevin Matthews, as outlined in this Complaint and Demand for Trial by Jury, with deliberate indifference and purpose to train and instruct its police officers how to engage and deal with the public at large, and those with mental health issues, in violation of the Constitutional Rights and liberties to those individuals with mental health issues the Defendant City of Dearborn's police force would come into contact with.  *Monnell vs. Department of Social Services,* 436 US 658 (1978).

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

87.    That Plaintiff alleges the Defendant City of Dearborn failed with deliberate indifference and purpose to train, instruct, and supervise its police officers engaged in dealing with the public at large and those with mental health issues, and as such, condoned and tacitly approved by way of unconstitutional policy or procedure the use of excessive and unreasonable force in an unconstitutional manner on those members of the public with mental health issues, its police officers, including Defendant City of Dearborn Police Officer and Shooter John Doe, would come into contact with, including but not necessarily limited to, Plaintiff's decedent, Kevin Matthews.    *Monnell vs. Department of Social Services,* 436 US 658 (1978).

88.    That Plaintiff alleges the Defendant City of Dearborn failed with deliberate indifference and purpose to establish rules, policies, procedures, training, and supervision of its police officers on how to manage and de-escalate police situations involving non-violent individuals and those with mental health issues with whom the Defendant City of Dearborn's police officers would come into contact with so not to use as an alternative, excessive and egregious force, thus violating citizens' rights of life and liberty under the United States Constitution, including those individuals Defendant City of Dearborn Police Officer and Shooter John Doe would come into contact with, including but not necessarily limited to Plaintiff's decedent, Kevin Matthews.    *Monnell vs. Department of Social Services,* 436 US 658 (1978).

89.    That by December 2015, the Defendant City of Dearborn had failed with deliberate indifference to train and instruct its officers on patrol, coming in contact with the public, on how to de-escalate situations with unruly or combative citizens, including those with mental illness.    *Monnell vs. Department of Social Services,* 436 US 658 (1978).

90.    That Defendant City of Dearborn has repeatedly permitted and condoned actions and activities of its police force and its police officers to undertake unlawful and unequal treatment of its police activities against African-Americans in and around the City of Dearborn jurisdiction. *Monnell vs. Department of Social Services,* 436 US 658 (1978).

91.    That Plaintiff asserts that the actions and activities of both Defendants, Defendant   City of Dearborn and Defendant City of Dearborn Police Officer and Shooter John Doe's actions and activities on December 23, 2015, are the direct and proximate result of the deliberate indifference of the Defendant City of Dearborn's unconstitutional rules, policies, procedures, and repeated acts of unequal treatment and unequal application of excessive force tacitly authorized and encouraged by the Defendant City of Dearborn, which directly and proximately caused the violation of Plaintiff's decedent, Kevin Matthews' Constitutional Rights of life and liberty. *Monnell vs. Department of Social Services,* 436 US 658 (1978).

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

92.     That Plaintiff alleges that the wrongful death of Plaintiff's decedent, Kevin Matthews, was the direct and proximate cause of the Defendant City of Dearborn's municipal customs and/or policies of deliberate indifference in the training, supervision, discipline, and tacitly condoning of unequal use of force and excessive force applied by its police authority to African-Americans living in and around the Defendant City of Dearborn jurisdiction. *Monnell vs. Department of Social Services,* 436 US 658 (1978).

93.     That the aforementioned customs, policies, and practices of the Defendant City of Dearborn resulted in the deprivation of Plaintiff's decedent Kevin Matthews' Constitutional Rights, including his death by unlawful seizure by being shot nine times by Defendant City of Dearborn Police Officer and Shooter John Doe, including but not limited to the following:

A. The right to be free from unreasonable seizure, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

B. The right to not be deprived of life or liberty without due process of law, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

C. The right to be free from the use of excessive force by officers, such as Defendant City of Dearborn Police Officer and Shooter John Doe, guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution; and

D. The right to equal protection of the law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

94.     That at no time prior to December 2015 did the Defendant City of Dearborn train its police officers on patrol on how to de-escalate situations

involving interactions with members of the public with mental illness. Plaintiff asserts as a direct and proximate cause of this failure to train its officers under these circumstances, which is the circumstance involving Defendant City of Dearborn Police Officer and Shooter John Doe's actions with Plaintiff's decedent, Kevin Matthews, in the early afternoon of December 23, 2015. Plaintiff's decedent, Kevin Matthews, was deprived of his Constitutional Rights as enumerated in   paragraph 93 above.  *Monnell vs. Department of Social Services,* 436 US 658 (1978).

95.    That by the year 2008, the City of Dearborn had expended taxpayer's dollars to purchase TASERS for use by its police officers on patrol to be used in non-lethal situations.

96.    That by December 2015, the Defendant City of Dearborn had failed, with deliberate indifference, to train its police officers on use of TASERS as a non-lethal use of force in alternative to deadly force, or otherwise had established a rule, policy, or procedure that its police officers, including Defendant City of Dearborn Police Officer and Shooter John Doe, were not required to use TASERS as a means of less than deadly force when such circumstances warranted less than deadly force, especially when dealing with non-violent alleged misdemeanor violators or those with mental health issues. *Monnell vs. Department of Social Services,* 436 US 658 (1978).

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

97. That as a direct and proximate cause of the aforesaid unconstitutional rules, policies, and procedures, which Defendant City of Dearborn implemented and condoned with deliberate indifference to those similarly situated as Plaintiff's decedent, Kevin Matthews, Plaintiff's decedent, Kevin Matthews' Constitutional Rights of life and liberty were violated. *Monnell vs. Department of Social Services,* 436 US 658 (1978).

### RELIEF REQUESTED

98. That Plaintiff seeks judgment in its favor against Defendant City of Dearborn for an additional $10 million by jury determination at Trial.

WHEREFORE, Plaintiff demands judgment by jury determination against Defendants City of Dearborn and Defendant City of Dearborn Police Officer and Shooter John Doe in whatever amount Plaintiff is found to be entitled, together with costs, interest, and attorneys fees wrongfully sustained, and further, Plaintiff demands punitive damages be assessed against the Defendant City of Dearborn Police Officer and Shooter John Doe under these circumstances.

Respectfully submitted,

THE THURSWELL LAW FIRM, P.L.L.C.


*/s/ Milton H. Greenman*
MILTON H. GREENMAN (P34621)
ERIK L. PROULX (P74663)
Attorneys for Plaintiff
Date: October 21, 2016                    (248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

ESTATE OF KEVIN MATTHEWS, deceased,
by KIM MATTHEWS, Personal Representative,

      Plaintiff,

vs.

                                   Case No.    2016-
                                   Judge:

CITY OF DEARBORN and
CITY OF DEARBORN POLICE OFFICER
AND SHOOTER JOHN DOE,

      Defendants.

---

MILTON H. GREENMAN (P34621)
ERIK L. PROULX (P74663)
Attorneys for Plaintiff
THE THURSWELL LAW FIRM, P.L.L.C.
1000 Town Center Suite 500
Southfield, MI 48075-1221
Phone:  (248) 354-2222

---

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## **DEMAND FOR JURY TRIAL**

      NOW COME Plaintiff, ESTATE OF KEVIN MATTHEWS, deceased,

by KIM MATTHEWS, Personal Representative, by and through its attorneys,

THE THURSWELL LAW FIRM, P.L.L.C., and hereby make formal demand for

a trial by jury of the facts and issues involved in this cause of action.

                  Respectfully submitted,
                  THE THURSWELL LAW FIRM, P.L.L.C.

                  */s/ Milton H. Greenman*
                  MILTON H. GREENMAN (P34621)
                  ERIK L. PROULX (P74663)
                  Attorneys for Plaintiff
Date:  October 21, 2016        (248) 354-2222